UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22491-Civ-SCOLA/TORRES

JOSEPH TAUSCH, IV
O.B.O. JOSEPH TAUSCH, V.,

     Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security
Administration,

     Defendant.
_____/

## REPORT AND RECOMMENDATION ON THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on the parties' cross motions for summary judgment filed by Joseph Tausch IV ("Plaintiff") [D.E. 20] and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security Administration ("Defendant") [D.E. 21], on whether the Administrative Law Judge ("ALJ") properly weighed the evidence in reaching her unfavorable decision.[1]  Under the limited standard of review that governs this case, the Court finds that substantial evidence supports the ALJ's unfavorable determination.  For the reasons stated below, it is therefore recommended that Plaintiff's motion for summary judgment [D.E. 20] be **DENIED**, that Defendant's motion for summary judgment [D.E. 21] be **GRANTED**, and that the ALJ's Decision be **AFFIRMED**.

---

[1]    On December 20, 2017, the Honorable Robert N. Scola referred the parties' motions to the undersigned for disposition.  [D.E. 14].

## I.   BACKGROUND

On September 3, 2010, Plaintiff, on behalf of his minor son ("Claimant"), submitted an application for social security income. Claimant's alleged disability began on July 1, 2010 due to Attention Deficit Hyperactivity Disorder ("ADHD"), Oppositional Defiant Disorder ("ODD"), and feelings of sadness over the sudden death of his mother.[2] Plaintiff's application was denied, both initially and upon reconsideration. On August 31, 2012, ALJ Antonio Acevedo Torres ("ALJ Torres") issued an unfavorable decision and concluded that Claimant was not disabled. The Appeals Council denied Plaintiff's request for review on December 3, 2013 and Plaintiff appealed to federal court pursuant to 42 U.S.C. § 405(g).

The district court found that ALJ Torres did not provide a sufficient basis to determine that the correct legal principles had been applied and remanded the case for further proceedings. On remand, a second ALJ – Lornette Reynolds – ("ALJ Reynolds") held a hearing on August 20, 2015. ALJ Reynolds determined that Claimant suffers from impairments of ADHD, ODD, and learning disabilities, but found that none of Claimant's conditions met or medically equaled the severity of the listed impairments. Plaintiff subsequently appealed the unfavorable decision and the Appeals Council denied Plaintiff's request for review on May 8, 2017. Therefore, Plaintiff's appeal is ripe for disposition.

---

[2]   Claimant was nine years old when he applied for social security benefits.

## *II.     STANDARD OF REVIEW*

We must determine whether the Commissioner's decision is premised upon correct legal principles and supported by substantial evidence in the record. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). "Substantial evidence is more than a scintilla, but less than a preponderance," and involves "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citation omitted); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). If the Commissioner's decision is supported by substantial evidence, we must affirm "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

A child under the age of 18 is considered disabled, and thus entitled to social security income benefits, if the child has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations" which "can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations define a "marked and severe functional limitation" as "a level of severity that meets, medically equals, or functionally equals the [listed impairments]" found at 20 C.F.R, Part 404, Subpart P, App. 1. 20 C.F.R. § 416.902.

The regulations provide a three-step sequential evaluation process for determining whether a child is disabled. 20 C.F.R. § 416.924(a)-(d). First, the ALJ

3

determines whether the child can engage in substantial gainful activity. If so, he is not disabled. *Id.*, § 416.924(a)-(b). Second, if the child is not engaged in any substantial gainful activity, the ALJ determines whether the child has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is deemed to be "severe." *Id.*, § 416.924(c). If the impairment is not severe, the child is not disabled. *Id.* Third, if there is a finding of severe impairment, the ALJ determines whether the child meets, medically equals or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*, § 416.924(d). If the ALJ finds that the impairment does not meet the durational requirements or the listed impairments included in that subpart, the child cannot be deemed disabled. *Id.*, § 416.924(d)(1) and (2). [3]

For a child's impairment(s) to functionally equal the listings, it must result in "marked"[4] limitation in two domains of functioning or an "extreme"[5] limitation in one domain. *See Id.*, § 416.926a(a), (d). In assessing functional equivalence, the fact finder considers the child's functioning in terms of six domains: (1) acquiring and

---

[3]     Plaintiff does not contend that Claimant's condition met or medically equaled a listing. As such, our review will focus on whether Claimant functionally equaled the listings.

[4]     A claimant has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i).

[5]     A claimant has an "extreme" limitation when the impairment interferences very seriously with a child's ability to initiate, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3). An extreme limitation is assigned only to the worst limitations, but does not necessarily mean a total lack or loss of ability to function.

using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  *See id.*, § 416.926a(b)(1).  This determination is made by considering a claimant's limitation of specific function, broad areas of development or function, episodic impairments, and limitations related to the effects of treatment or medication.  *Id.*, § 416.926a(b).  Children are also evaluated in terms of cognitive and communicative development, motor development, social development, personal development, and concentration, persistence, and pace.  *Id.*, § 416.926a(b)(2).

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).  It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence.  *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, a court is not to re-weigh the evidence anew. Rather, a court is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  If a decision is supported by substantial evidence, we must affirm even if the proof preponderates against it.  Therefore, a court's responsibility is to ensure that the proper legal standards were applied .  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988)

5

### III.     ANALYSIS

Plaintiff argues that the ALJ erred as a matter of law in finding that Claimant did not have an impairment or combination of impairments that resulted in marked or extreme limitations in more than one of six domains. Specifically, Plaintiff contends that there is ample evidence in the record that Claimant has a marked limitation in at least *three* functional domains: acquiring and using information, attending and completing tasks, and interacting and relating to others. Plaintiff also suggests that the opinions of non-medical sources (including the opinions of teachers and principals) and state agency experts were not fully considered in the ALJ's decision and that they support a finding that Claimant is disabled. Because the ALJ failed to consider all of the evidence presented, Plaintiff concludes that the Court should (1) find that Claimant is either entitled to social security benefits or (2) remand the case to the Commissioner with instructions to obtain the opinion of a medical advisor to properly determine whether a listing has been met or equaled.

#### A.     *Whether Claimant has a marked limitation*

Plaintiff's first argument is that the ALJ's decision lacks substantial evidence because Claimant has marked limitations in at least three domains. The first domain, acquiring and using information, considers how well a claimant acquires and learns information and how well he uses the information he has learned. *See* 20 C.F.R. § 416.926a(g). This domain "evaluates how appropriately, effectively, and independently the child functions compared to children of the same age who do not have impairments." *Williams o/b/o D.W. v. Colvin*, 2016 WL 7507470, at *2 (M.D.

Fla. Mar. 11, 2016) (quoting *Parks v. Commissioner*, 783 F.3d 847, 849 (11th Cir. 2015)). The regulation provides examples of skills school-aged children should possess:

> When you are old enough to go to elementary and middle school, you should be able to learn to read, write, and do math, and discuss history and science. You will need to use these skills in academic situations to demonstrate what you have learned; e.g. by reading about various subjects and producing oral and written projects, solving mathematical problems, taking achievement tests, doing group work, and entering into class discussions. You will also need to use these skills in daily living situations at home and in the community (e.g. reading street signs, telling time, and making change). You should be able to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing your own ideas, and by understanding and responding to the opinions of others.

20 C.F.R. § 416.926a(g)(2)(iv).

The second domain, attending and completing tasks, considers how well a child is able to focus and maintain attention and how well the child is able to begin, carryout, and finish activities including the child's ability to prioritize tasks and manage time. *Id.* § 416.926a(h). School-aged children "should be able to focus [] attention in a variety of situations in order to follow directions, remember and organize [] school materials, and complete classroom and homework assignments." *Id.* § 416.926a(h)(2)(iv). Nonexclusive examples demonstrating limitations in attending and completing tasks are the child's requiring extra supervision or being easily startled, distracted, overreactive, sidetracked, distracting to others, easily frustrated, and quick to quit tasks. *Id.* § 416.926a(h)(3)(i)-(v).

The third domain, interacting and relating with others, considers how well a

child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. *See Id*. § 416.926a(i).  Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community. *Id.*; SSR 09-5p. Under the social security regulations, a child of school age:

> [S]hould be able to develop more lasting friendships with children who are [his] age.  [He] should begin to understand how to work in groups to create projects and solve problems.  [He] should have an increasing ability to understand another's point of view and to tolerate differences. [He] should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

 *Id*. § 416.926a(i)(2)(iv) (quotation marks omitted).

After a careful review of the record presented, we find that there is substantial evidence supporting the ALJ's determination that Claimant has no marked limitations in any domain area.  With respect to the first domain of acquiring and using information, the ALJ thoroughly explained that Claimant has only been retained in a grade level once (the fifth grade) and that his grades have been improving.  The ALJ also noted that Claimant has learned to play musical instruments, participated in general class settings, and performed at an average academic level despite IQ scores in the low average range.  As for the second domain of attending and completing tasks, the ALJ stated that Claimant had average academic performance, assisted with household chores, played the piano (which requires dedication to tasks), and that he exhibited no signs of inattention,

distractibility, impulsivity, or excessive activity. And finally, the ALJ found no marked limitation in the third domain because Plaintiff's degree of noncompliance has not required any drastic measures. In fact, the ALJ explained that Claimant could be controlled by appealing to his own preferences and via 30 minutes of counseling. The ALJ further supported her findings with a plethora of additional evidence that suggests Claimant is able to play the piano with limited formal training, complete household chores, and play sports with friends. In sum, the ALJ's decision is supported by substantial evidence because it includes an extensive summary of all the evidence presented, how it was weighed, and why Claimant's medical illnesses do not equate to a marked limitation in one of the six domains.

### B. *Whether the ALJ Considered the Non-Medical Sources*

Next, Plaintiff relies on the opinions of teachers and principals to contend that Claimant has greater limitations than the ALJ identified. But, Plaintiff's argument is unpersuasive because the ALJ considered all of their opinions and explained why he granted them little weight. [Tr. 394-96]. In particular, the ALJ suggested that those opinions were (1) from non-medical sources, (2) inconsistent with the record, and (3) differed substantially in the number of significant behaviors. Plaintiff's argument is further undermined by the fact that there is "no requirement in the Social Security regulations or rulings that the ALJ assign any weight to non-medical sources, only that the evidence be considered." *Reed v. Astrue*, 2009 WL 3571699, at \*3 (S.D. Ala. Oct. 26, 2009); *see also Carter v. Astrue,* 228 F. App'x 967, 969 (11th Cir. 2007) ("We do not require an explicit finding about credibility; instead findings may

9

be by implication if they are 'obvious to the reviewing court.'") (quoting *Tieniber v. Heckler,* 720 F.2d 1251, 1255 (11th Cir. 1983)). In other words, the ALJ's duty with respect to teacher and other non-medical sources is met when the ALJ "'describe[s] his analysis with enough detail to satisfy a reviewing court that he gave all of the relevant evidence before him [or her] its due regard.'" *Cole v. Comm'r of Soc. Sec.,* 2012 WL 4077233, at *4 (M.D. Fla. Sept. 17, 2012) (quoting *Astrue,* 2009 WL 3571699, at *2). As the Eleventh Circuit stated in *Randolph v. Astrue*:

> The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). However, 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.' *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (quoting *Foote v. Chater,* 67 F.3d 1553, 1557 (11th Cir. 1995)).

291 F. App'x 979, 982 (11th Cir. 2008). [6]

Here, the ALJ not only considered the opinions of Claimant's teachers in her decision but also suggested that she considered the entire record, including medical and non-medical opinion evidence. [Tr. 387]. And while Plaintiff may disagree with how the ALJ weighed the evidence presented, that does not mean that the ALJ's consideration of the non-medical sources lacks substantial evidence. Therefore, we conclude that the ALJ gave the opinions of teachers and principals its due regard and

---

[6] *See also McCray v. Massanari,* 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001) (finding the failure to discuss specific evidence does not mean that it was not considered); *see also Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005) (There is no requirement that the ALJ "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow the court to conclude that the ALJ considered the claimant's medical condition as a whole.).

that the decision to find Claimant not disabled is supported by substantial evidence.

### C. *Whether the ALJ Considered the State Agency Medical Experts*

Plaintiff's final argument is that the opinions of state agency medical experts support a finding that Claimant suffers from greater limitations in acquiring and using information. Yet, Plaintiff's argument is misplaced because – as the ALJ explained in her decision – (1) the state agency experts did not have the benefit of the majority of the evidence submitted at the hearing and (2) their opinions were inconsistent with later evidence that showed Claimant had less than marked limitations in acquiring and using information.[7] [Tr. 393]. For example, the opinions of the state agency experts were submitted in January and April 2011 – long before the majority of evidence in the record. Because the ALJ clearly stated her reasons for discounting the opinions of the state agency medical experts, the determination to accord them little weight is supported by substantial evidence. *See, e.g.*, *Collins v. Berryhill*, 2017 WL 3613988, at *9 (S.D. Ga. Aug. 1, 2017), *Report and Recommendation adopted*, 2017 WL 3613039 (S.D. Ga. Aug. 22, 2017) ("[T]he ALJ clearly stated his reasons for discounting Dr. Schilling's opinion. Specifically, the ALJ noted Dr. Schillling did not consider how Plaintiff's physical impairments impacted her mental functioning, as Plaintiff testified her inability to work made her depressed.").

In sum, we conclude that the ALJ evaluated all of the evidence presented,

---

[7] Plaintiff's argument is also unpersuasive because Plaintiff fails to discuss or even mention the ALJ's evaluation of these opinions.

including Claimant's medical records, school records, and daily activities to find that Claimant did not have marked limitations in any functional domain. And as noted above, the Court's limited standard of review does not allow for re-weighing the evidence; instead, our inquiry is limited into whether or not substantial evidence in the record as a whole can support the ALJ's findings. *See Richardson*, 402 U.S. at 401; *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011); *Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999). The Court therefore finds that the ALJ's conclusions are supported by substantial evidence. For these reasons, the Court hereby **RECOMMENDS** that Plaintiff's motion [D.E. 20] be **DENIED** and that Defendant's motion [D.E. 21] be **GRANTED**.

## IV.     CONCLUSION

Substantial evidence supports the ALJ's findings as noted in her unfavorable decision. The ALJ's conclusion applied proper legal standards and any errors therein did not prejudice Plaintiff and were harmless. For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion for summary judgment [D.E. 20] be **DENIED**, that Defendant's motion for summary judgment [D.E. 21] be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from

challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of April, 2018.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge