United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joseph Tausch, IV on behalf of<br>Joseph Tausch, V, Plaintiff<br><br>v.<br><br>Carolyn W. Colvin, Commissioner of<br>Social Security, Defendant | Civil Action No. 17-22491-Civ-Scola |

### **Order on Magistrate's Report and Recommendation**

This case was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. On April 27, 2018, Judge Torres issued a Report, recommending that the Court deny the Plaintiff's motion for summary judgment, grant the Defendant's motion for summary judgment, and affirm the Administrative Law Judge's ("ALJ") decision. (Report, ECF No. 24.) No objections were filed and the time to do so has long passed. As a result, the Court reviews Judge Torres's Report for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Based on the facts in the record, it appears that the subject of this action, Joseph Tausch V, turned 18 years old on September 28, 2018. (*See* ECF No. 11 at 388 ("The claimant was born on September 28, 2000.")). Neither party has submitted additional information regarding this fact or its impact on the Court's decision. The Court, however, clarifies that its decision is limited to whether Tausch was entitled to Social Security benefits during the periods considered by the ALJ and Judge Torres. *Cf. Olson v. Astrue,* No. 8:07–CV–1813–T–TGW, 2008 WL 5428022, at *8 (M.D. Fla. Dec. 31, 2008) (affirming the ALJ's decision as to the plaintiff's child benefits, even though the ALJ made the decision after the plaintiff turned 18 years old); 20 C.F.R. § 416.924(f) ("For the period during which you are under age 18, we will use the rules in this section. For the period starting with the day you attain age 18, we will use the disability rules we use for adults who file new claims, in § 416.920."). The Court makes no determination as to Tausch's ability to obtain future benefits.

Upon review of Judge Torres's Report, the record, and the relevant legal authorities, the Court finds Judge Torres's Report cogent and compelling.[1]

---

[1] However, the Court notes that Judge Torres misstated a fact in the record. Judge Torres mistakenly stated that the ALJ attributed little weight to the school officials' questionnaires in part because the school officials were non-medical sources. (Report, ECF No. 24 at 9.) In

Accordingly, the Court **affirms and adopts** Judge Torres's Report and Recommendation (**ECF No. 24**). The Court **denies** the Plaintiff's motion for summary judgment (**ECF No. 20**), **grants** the Defendant's motion for summary judgment (**ECF No. 21**), and hereby **affirms** the ALJ's ruling. The Court also **denies as moot** the Plaintiff's initial motion for summary judgment (**ECF No. 17**) since Judge Torres allowed the Plaintiff to file an amended motion (ECF No. 19), which has now been reviewed and ruled upon. Lastly, the Court directs the Clerk to **close** this case.

    **Done and ordered** in chambers, at Miami, Florida, on October 22, 2018.

Robert N. Scola, Jr.
United States District Judge

---

discussing these sources, the ALJ gave them little weight because they were at times inconsistent and differed from the substantial evidence in the record. Despite this misstatement, the Court agrees with Judge Torres that the ALJ considered these sources and sufficiently explained why it was attributing little weight to them. As a result, the Court's ultimate ruling is unaffected by Judge Torres's minor misstatement of the record.